IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jaycoby T.Williams,<br>  *also known as*<br>  *Jaycoby Terreak Williams*<br><br>      Petitioner,<br><br>      v.<br><br>Warden, Kershaw Correctional Institution,<br><br>      Respondent. | C/A No. 0:25-6111-CMC<br><br><br><br>Order |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254. Dkt. No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report").

Respondent filed a motion for summary judgment, as well as a return and memorandum of law on July 3, 2025. Dkt. Nos. 30, 31. A *Roseboro* Order was mailed to Petitioner, advising him of the importance of a dispositive motion and the need to file an adequate response. Dkt. No. 32. After an extension, Petitioner filed a response in opposition to summary judgment. Dkt. No. 38. Respondent filed a reply. ECF No. 39.

On March 27, 2026, the Magistrate Judge issued a Report recommending Respondent's motion for summary judgment be granted. Dkt. No. 40. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences

if they failed to do so.  Petitioner filed objections as well as a "request for more time to respond." Dkt. Nos. 44, 45.[1]

## Standard

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The court need only review the Report for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

## Discussion

In his § 2254 petition, Petitioner alleges the following grounds for relief: (1) trial counsel was ineffective when he failed to request a jury charge on voluntary manslaughter; (2) counsel was ineffective for failing to investigate and failing to suppress DNA evidence and shell casings found at the crime scene; (3) the trial court erred in limiting Petitioner's cross-examination of a witness for impeachment purposes; and (4) ineffective assistance of counsel in failing to investigate video evidence from Hardee's parking lot camera. Dkt. No. 1 at 5-10. The State moved for summary

---

[1] Although filed twice, these two documents are identical.

judgment on all grounds. Dkt. No. 31. Petitioner responded in opposition to summary judgment. Dkt. No. 38.

The Magistrate Judge recommends granting Respondent's motion for summary judgment and dismissing this case.  Dkt. No. 40. The Report concluded Grounds Two and Four were procedurally defaulted, *id.* at 8, and Grounds One and Three should be dismissed on the merits. *Id.* at 9-16.

As noted above, Petitioner filed one document titled "Objection to R&R and Request for More Time to Respond." Dkt. No. 44. This was filed as both objections to the Report and a motion for extension of time when it was received on April 16, 2026. Dkt. Nos. 44, 45. The entirety of Petitioner's submission reads:

> Petitioner being a pro-se Petitioner in the above captioned matter puts before the court this request as well as a supplement to my objections to the R&R. The objections to Ground 1 and Ground 3. Petitioner signed for this R&R at the Kershaw mailroom on April 7, 2026. Court ordered response due by April 10, 2026 only giving Petitioner 2 of the 14 days allotted for proper response. This being said Petitioner does pray the court grant him the proper amount of time for a reasonable response. It is in the search of fundamental fairness and that justice may be served that Petitioner does hereby put this request before the court on this 10th day of the month of April in the year 2026.

*Id.*(errors in original). A text order was entered and mailed to Petitioner the same day, granting the request for extension of time and extending the deadline for objections to April 30, 2026. Dkt. No. 46. No additional objections were received, and the time has expired.[2]

Petitioner brings cursory objections to Grounds One and Three. There are no specific objections to the Magistrate Judge's findings on these grounds. To trigger de novo review, an

---

[2] The court notes, in an abundance of caution, it waited approximately three weeks past the extended date, but no objections were received.

objecting party "must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). An objection stating only "I object" preserves no issue for review. *Id.* If a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only. *Id.*

Here, the court finds Petitioner failed to object with enough specificity to alert the court as to his true grounds for objections, and thus has not preserved the issues for review beyond clear error. However, in an abundance of caution, the court has reviewed the Magistrate Judge's analysis of Grounds One and Three and agrees Petitioner failed to show the PCR court unreasonably determined trial counsel's decision not to request a voluntary manslaughter jury charge constituted ineffective assistance of counsel on Ground One. On Ground Three, the court agrees the Court of Appeals' decision, finding any error by the trial court in limiting cross-examination of a witness was harmless, was reasonable. The court has reviewed the remainder of the Report for clear error and found none. Accordingly, the court agrees summary judgment for Respondent on all grounds is appropriate.

### Conclusion

For the reasons above, after review of the record, the applicable law, the objected to portions of the Report and Recommendation, and Petitioner's objections, the court agrees with the findings and conclusions of the Magistrate Judge. Accordingly, the court adopts the Report, grants Respondent's motion for summary judgment (Dkt. No. 31), and dismisses the Petition with prejudice.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

   **IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 22, 2026